IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maxwell Little, et al., | |
| Plaintiffs, | No. 1:18-CV-06954 |
| v. | Honorable Virginia M. Kendall |
| JB Pritzker for Governor, et al., | |
| Defendants. | |

**DEFENDANT JB PRITZKER FOR GOVERNOR'S
MOTION TO STRIKE AND DISMISS SECOND AMENDED COMPLAINT**

Defendant JB Pritzker for Governor ("the Campaign"), by its undersigned counsel and pursuant to Rules 12(f) and 12(b)(6) of the Federal Rules of Civil Procedure, moves to strike irrelevant allegations and to dismiss all claims against the Campaign brought by Plaintiffs Maxwell Little, Jason Benton, Jelani Coleman, Celia Colón, Kasmine Calhoun, Erica Kimble, Nathaniel Madison, Tiffany Madison, James B. Tinsley, Mark Walker, Kayla Hogan, and Eric Chaney ("Plaintiffs"). In support of this motion, the Campaign relies on and incorporates its concurrently filed Memorandum of Points and Authorities in Support of Its Rule 12(f) Motion to Strike and 12(b)(6) Motion to Dismiss for Failure to State a Claim.

On November 16, 2018, the Campaign moved to dismiss Plaintiffs' first amended complaint and noted its presentment of that motion for November 27, 2018. *See* Campaign 1st MTD, ECF No. 12; Campaign 1st Memo., ECF No. 13; Campaign Not., ECF No. 14. The Court struck the presentment hearing and set a briefing schedule with Plaintiffs' response due on December 10, 2018, and the Campaign's reply due on December 17, 2018. *See* 11/26/18 Min. Entry, ECF No. 19. Instead of responding to the Campaign's motion, Plaintiffs moved for leave to amend, Mot. to Amend, ECF No. 20, noting their motion for presentment on December 19,

2018, Pls. Not., ECF No. 22. At the December 19th hearing, the Court granted Plaintiffs leave to file a second amended complaint and instructed the Campaign to file a renewed motion to strike and dismiss by December 28, 2018; Plaintiffs to respond by January 11, 2019; and the Campaign to reply by January 18, 2019. *See* 12/19/18 Min. Entry, ECF No. 27. The Campaign files this motion according to the Court's instruction and accompanying briefing schedule.

1. All 12 Plaintiffs allege under 42 U.S.C. § 1981 ("Section 1981") that they were subject to (1) race-based harassment; (2) racial discrimination; and (3) retaliation. But their Second Amended Complaint ("Complaint") relies only on sweeping legal conclusions, overheated rhetoric, and rank speculation. It contains no factual allegations showing that Plaintiffs' claims for relief are plausible, and Plaintiffs therefore fail to state a claim. The Court should dismiss the Complaint with prejudice.

2. First, Plaintiffs make immaterial and unduly prejudicial allegations about unionization and sexual harassment, which have nothing to do with this case. The Court should strike those allegations.

3. Second, seven of the 12 Plaintiffs fail to allege any specific, relevant facts about their employment. For that reason alone, these Plaintiffs fail to state plausible claims for discrimination, harassment, or retaliation.

4. Third, Plaintiffs fail to state a claim for discrimination because they plead no facts giving rise to the reasonable inference that they experienced any action that materially and adversely affected the terms and conditions of their employment. They also fail to plausibly allege that the Campaign took any action *because of* their race.

5. Fourth, Plaintiffs fail to state a harassment claim because they allege no facts supporting a hostile work environment. Indeed, nothing about their allegations suggests any

harassing behavior because of race, let alone the severe and pervasive behavior necessary to state a claim.

6.      Fifth, Plaintiffs fail to state a retaliation claim because the facts they allege—particularly that they were placed on paid administrative leave pending an investigation—cannot as a matter of law be adverse actions. They allege nothing that affected the terms of their employment. In addition, Plaintiffs do not allege facts sufficient to render plausible the allegation that all Plaintiffs engaged in protected activity. Moreover, Ms. Hogan and Mr. Chaney were no longer employed by the Campaign at the time of any alleged retaliation.

7.      The Court should dismiss with prejudice Plaintiffs' claims against the Campaign. Plaintiffs filed their Second Amended Complaint after the Campaign had already filed a motion to dismiss. The Second Amended Complaint is *not* the same as the proposed second amended complaint that Plaintiffs filed in conjunction with their motion seeking leave to amend their complaint. Instead of filing the proposed amendment as their second amended complaint, Plaintiffs in fact filed a new version containing additional allegations—one that Plaintiffs had not presented to the Court. That means Plaintiffs have now filed four versions of their Complaint and each time have failed to plausibly allege claims for relief. The Court should not give Plaintiffs a fifth bite at the apple and should instead dismiss with prejudice.

WHEREFORE, for the reasons in the Memorandum of Points and Authorities filed concurrently herewith, the Campaign respectfully asks the Court to strike immaterial allegations and dismiss Plaintiffs' Complaint as to the Campaign with prejudice in its entirety pursuant to Rules 12(f) and 12(b)(6).

Dated: December 28, 2018                    Respectfully submitted,

**JB PRITZKER FOR GOVERNOR**

By: /s/ *William B. Stafford*
      One of Its Attorneys

William B. Stafford
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000
BStafford@perkinscoie.com

## CERTIFICATE OF SERVICE

    I, William B. Stafford, certify that on December 28, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may also access this filing through the Court's ECF system.

                                            /s/ *William B. Stafford*
                                            William B. Stafford