IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Maxwell Little, et al.,

                    Plaintiffs,

      v.

JB Pritzker for Governor, et al.,

                    Defendants.

No. 1:18-CV-06954

Honorable Virginia M. Kendall

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS, RESPONSES TO INTERROGATORIES, AND DATES FOR DEPOSITIONS

Defendants JB Pritzker for Governor (the "Campaign"), Juliana Stratton, and Caitlin Pharo (collectively, "Defendants"), provide this memorandum in support of their motion requesting that the Court (1) rule that Plaintiffs Maxwell Little, Jason Benton, Jelani Coleman, Celia Colón, Kasmine Calhoun, Erica Kimble, Nathaniel Madison, Tiffany Madison, James B. Tinsley, Mark Walker, Kayla Hogan, and Eric Chaney (collectively, "Plaintiffs") have waived as untimely any objections to Defendants' discovery requests, (2) compel Plaintiffs to produce documents that they have withheld based on untimely objections and to provide amended interrogatory responses if they have omitted based on untimely objections any information from their responses, (3) compel Ms. Kimble to provide responses and produce documents as she has yet to respond to Defendants' discovery requests, and (4) order Plaintiffs to appear for depositions before the October 31 discovery cutoff (or within two weeks after October 31 if necessary).[1]

---

[1] Before filing this motion, Defendants' counsel met and conferred with Plaintiffs' counsel twice via phone—once on September 10, the other on October 1—to discuss Plaintiffs' untimely discovery responses, failure to produce documents withheld based on untimely objections, and refusal to reasonably schedule their depositions. *See* Local Rules N.D. Ill. LR 37.2; Declaration of William B. Stafford in Support of Defendants' Motion to Compel ("Stafford Decl.") ¶¶ 23, 36. The efforts to resolve these matters short of seeking the Court's intervention are more fully detailed in the LR 37.2 certification below and in the Declaration of William B. Stafford in Support of Defendants' Motion to Compel, which accompanies this memorandum.

145988349

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ........................................................................................................ 1

II.     LOCAL RULE 37.2 CERTIFICATION......................................................................... 1

III.    FACTUAL BACKGROUND ........................................................................................ 1

        A.      Mr. Little's and Mr. Benton's Overbroad Discovery Requests ........................... 2

        B.      Defendants Attempt to Work Cooperatively with Plaintiffs to Obtain
                Responses and Documents................................................................................... 3

        C.      Despite an Additional Six Weeks, Plaintiffs' Responses and Production
                Are Deficient........................................................................................................ 5

IV.     ARGUMENT............................................................................................................... 6

        A.      Legal Standard .................................................................................................... 6

        B.      Plaintiffs Should Be Compelled to Fully Respond to Discovery Requests,
                Produce Responsive Documents, and Sit for Their Depositions .......................... 7

                1.      Plaintiffs Have Waived Any Objections to Defendants' Discovery
                        Requests ................................................................................................... 7

                2.      Ms. Kimble Has Provided No Responses and No Documents .................. 8

                3.      Plaintiffs Must Sit—Before the Discovery Cutoff—for Their
                        Depositions .............................................................................................. 8

V.      CONCLUSION............................................................................................................ 9

## I.     INTRODUCTION

Plaintiffs' responses to Defendants' discovery were due on August 2, 2019. Eleven of the 12 Plaintiffs delayed their discovery responses for weeks without prior agreement or justification, thereafter asserted untimely objections, and withheld documents and information because of those untimely—and therefore waived—objections. And in Ms. Kimble's case, she has still not responded at all. Plaintiffs have also refused to provide dates for their depositions before discovery closes on October 31, asserting that none of the dates proposed by Defendants in September and October was available and failing to provide alternative dates. Plaintiffs' delay has impeded Defendants' discovery of facts critical to their defense and imperiled their ability to depose Plaintiffs in accordance with the Court's scheduling order. Defendants request that the Court order Plaintiffs to comply with their obligations to keep discovery on track and on time, and to award Defendants reasonable fees and costs related to this motion.

## II.     LOCAL RULE 37.2 CERTIFICATION

On September 10, 2019, at 4:00 p.m. Central time, Defendants' counsel, William B. Stafford and Mallory Webster, conferred by phone with Plaintiffs' counsel, Shay Allen. Stafford Decl. ¶ 23. During that conference, the parties discussed Plaintiffs' untimely discovery responses and their need to provide dates for the depositions of the Plaintiffs. *Id.* ¶ 24. On October 1, 2019, at 2:00 p.m. Central time, Mr. Stafford conferred by phone with Mr. Allen. *Id.* ¶ 36. During the second conference, the parties discussed Plaintiffs' asserted and untimely objections, Plaintiffs' withholding of documents based on those objections, and the continued need for Plaintiffs to provide dates for their depositions. *Id.* The parties were unable to resolve their discovery issues during those conferences.

## III.     FACTUAL BACKGROUND

Since the Court in April 2019 dismissed several of Plaintiffs' claims and Defendants that same month answered the remaining claims, the parties have been engaged in discovery. But Plaintiffs have failed to timely respond to Defendants' discovery requests, asserted untimely objections to those requests, withheld documents and provided incomplete information based on

145988349                                                   1

their objections, refused to provide deposition dates before the discovery cutoff, and provided no responses or documents whatsoever from Ms. Kimble.

## A.     Mr. Little's and Mr. Benton's Overbroad Discovery Requests

On May 7, 2019, Mr. Little served requests for production and interrogatories, and two days later, Mr. Benton served an additional set of requests for production.[2] *Id.* ¶ 2. Defendants' counsel conferred with Plaintiffs' counsel on May 30 (well before the responses were due), seeking a short extension of one week for the respective deadlines to account for travel by a key client contact. *Id.* ¶ 3. Plaintiffs' counsel agreed. *Id.* On June 13 and 17, Defendants timely served their responses and produced hundreds of responsive documents. *Id.* ¶ 4.

Because many of the requests for production were significantly overbroad and lacked clarity as to what documents Plaintiffs sought, Defendants objected to several of the requests and—in their written responses to these requests—invited Plaintiffs' counsel to meet and confer about a reasonable scope for those requests and appropriate search terms to enable Defendants to locate additional responsive documents. *Id.* ¶ 5. Plaintiffs did not follow up on Defendants' offer to meet and confer regarding their requests. *Id.* ¶ 6.

On July 3, 2019, Defendants served requests for production on each of the Plaintiffs and propounded a single set of interrogatories on all Plaintiffs. *See* Stafford Decl. ¶ 7; Stafford Decl. ¶ 8, Ex. A ("Requests"). Defendants served each Plaintiff with requests for production to ensure that each Plaintiff produced all responsive documents in his or her possession, custody, or control and to avoid any confusion about on whose behalf such documents were produced or any objections were raised. Stafford Decl. ¶ 9.

The next day—the Fourth of July—Plaintiffs' counsel sent a letter requesting that Defendants "respond" to Mr. Little's and Mr. Benton's discovery requests, even though Defendants had already fully responded. *Id.* ¶ 10. On July 12, Defendants answered the letter, stating that Defendants had indeed responded to the discovery, outlining again Defendants'

---

[2] Aside from Mr. Little and Mr. Benton, no other Plaintiff has served discovery. *See* Stafford Decl. ¶ 2.

responses, and again inviting Plaintiffs' counsel to meet and confer about the scope of the requests. *Id.* Defendants' counsel further proposed specific dates for a meet and confer. *Id.* Once again, Plaintiffs did not respond to the invitation to meet and confer.[3] *Id.* ¶ 11.

Nor did Plaintiffs provide their discovery responses and responsive documents by August 2, 2019, the date on which they were due. *Id.* ¶ 12. Plaintiffs did not request an extension or otherwise communicate at all about the outstanding discovery. *Id.* ¶ 13.

**B.      Defendants Attempt to Work Cooperatively with Plaintiffs to Obtain Responses and Documents**

Because Defendants still had received no responses or documents, Defendants' counsel emailed Plaintiffs' counsel on August 21, asking when Defendants could expect the responses. *Id.* ¶ 15; Stafford Decl. ¶ 16, Ex. B. Plaintiffs' counsel responded the same day, saying "you'll have them [the responses] by next Friday" and giving no explanation of why the responses had not yet been forthcoming or why an additional two weeks was necessary. Stafford Decl. ¶ 16, Ex. B.

"[N]ext Friday" was August 30—four weeks after the response deadline. But despite unilaterally appropriating that extra time, August 30 came and went without responses and without any explanation from Plaintiffs. Stafford Decl. ¶ 17.

On September 3, Defendants again followed up with Plaintiffs, asking whether Defendants could expect to receive the responses the next day and reminding counsel that Defendants had been promised responses the prior Friday. *Id.* ¶ 18. With that email, Defendants also served deposition notices for each of the Plaintiffs, given that the discovery cutoff was less than two months away and the logistical wrangling entailed in scheduling (at least) 12 depositions. *Id.* ¶ 19; *see also* Min. Entry, ECF No. 45 (Apr. 8, 2019). Defendants had been

---

[3] After it became apparent to Defendants that Plaintiffs did not intend to respond to Defendants' offer to meet and confer regarding their concerns with Plaintiffs' overbroad requests, Defendants decided to do their best to provide further responses notwithstanding their objections. To that end, Defendants collected many thousands of documents from 26 document custodians, and then using search terms and a team of document review attorneys, searched through these records to identify potentially responsive documents. Stafford Decl. ¶ 14. On September 17, they produced documents resulting from this significant undertaking. *Id.* ¶ 29.

waiting to proceed with depositions until after they received responses to written discovery, but determined at this point that they could wait no longer. Stafford Decl. ¶ 19.

Defendants received no response to that communication. *Id.* ¶ 20.

Counsel for Defendants emailed Plaintiffs' counsel again on September 6, reiterating that Defendants had expected to receive responses by August 30—itself four weeks after the responses were due and absent any request from Plaintiffs for an extension of the deadline—and requesting a meet and confer the following Monday on the weeks-overdue responses. *Id.* ¶ 21. On September 9, Plaintiffs' counsel finally responded, saying that she was available the following afternoon to discuss. *Id.* ¶ 22.

The parties met and conferred by phone on September 10. *Id.* ¶ 23. During that conference, Plaintiffs' counsel explained that one of the Plaintiffs—Ms. Kimble—had been in and out of the hospital (he did not say when or for how long). Plaintiffs' counsel did not explain why *none* of the Plaintiffs had responded to discovery in light of Ms. Kimble's medical issues. *Id.* ¶ 24. While Defendants of course sympathize with any health issues experienced by Ms. Kimble and certainly would have considered a reasonable extension to account for such issues, Plaintiffs never informed Defendants of any such issues or requested any extension. *Id.* Even in saying that responses would be served on August 30, counsel made no mention of Ms. Kimble's hospitalization. *Id.* Moreover, counsel did not explain why one Plaintiff's hospitalization would delay responses from the 11 other Plaintiffs. *Id.*

During the meet-and-confer, Plaintiffs' counsel promised to provide the discovery responses by Friday, September 13, and dates for deposition scheduling by Thursday, September 12. *Id.*; *see also* Stafford Decl. ¶ 25, Ex. C.

But on September 12, Defendants received no communication from Plaintiffs' counsel about deposition dates. Stafford Decl. ¶ 26. And on September 13, Defendants received via email no discovery responses from Plaintiffs. *Id.*

On September 16, Defendants' counsel again inquired of Plaintiffs' counsel why Plaintiffs had not provided the long-anticipated discovery responses or deposition dates. *Id.* ¶ 27;

145988349

4

*see also* Stafford Decl. ¶ 25, Ex. C. Defendants' counsel also informed Plaintiffs that they had waived any objections to Defendants' discovery and that Defendants would be left with no choice but to move to compel responses and documents. *See* Stafford Decl. ¶ 25, Ex. C.

Plaintiffs' counsel responded that day, saying that the discovery requests were mailed on September 13 because "[t]here was too much material to email" and that Defendants "should receive those items any day now." *Id.* at 5. He also stated that "[n]one of the dates on your [deposition] notices work" and once again promised to send dates to Defendants once he and his co-counsel could "get bad dates from all of our clients and cross reference those with bad dates between" he and co-counsel. *Id.* There was no explanation as to why neither of the two attorneys representing Plaintiffs nor any one of the 12 Plaintiffs could be available over a two-and-a-half-week period. *Id.* And finally, for the first time, Plaintiffs' counsel asked to meet and confer with Defendants about Plaintiffs' "Rule 37.2 issues"—something that Defendants had twice offered months earlier. *Id.* He offered no availability, however, for the requested meet and confer. *Id.* On September 18, Defendants gave their availability for Plaintiffs' requested meet and confer. *Id.* at 4. They heard nothing back. *Id.*

Finally, on September 19, Defendants received a CD containing the discovery responses and document productions. *Id.* ¶ 31. The discovery letter accompanying the materials was dated September 16—three days after Plaintiffs said they mailed the materials—and neither of the two separately mailed packages had any postmarks indicating when they had been sent. *Id.*

## C.      Despite an Additional Six Weeks, Plaintiffs' Responses and Production Are Deficient

Notwithstanding their significant delay in responding to discovery to 11 of the 12 Plaintiffs, Plaintiffs' responses were deficient. Despite finally responding more than six weeks late (and two weeks after their self-appointed deadline), Plaintiffs nevertheless raised several objections, confirming during a subsequent meet and confer on October 1 that they are withholding documents based on those untimely objections. *Id.* ¶ 32; *see also* Stafford Decl. ¶ 33, Ex. D. The verification pages that Plaintiffs submitted with their interrogatory responses

show that several Plaintiffs did not complete those responses until September. *Id.* ¶ 32. Ms.
Kimble provided no responses to the requests for production or interrogatories and produced no
documents. *Id.*

And nearly a week after Defendants received the responses and production, Plaintiffs
finally provided information for scheduling deposition dates. *See id.* ¶¶ 34–35. Their first
purported availability was nearly four weeks—November 25—after the discovery cutoff. *Id.*
¶ 35. Plaintiffs did not offer any earlier availability when Defendants' counsel raised the issue
during the October 1 meet and confer. *Id.* ¶ 36.

As of the date of this motion, Plaintiffs are withholding documents and information based
on untimely objections, have provided no responses or documents at all from Ms. Kimble, and
have provided no dates before the discovery cutoff on which Plaintiffs and their counsel can be
available for depositions. *Id.* ¶ 38. Defendants have served new deposition notices scheduling
depositions prior to the October 31 deadline, but Plaintiffs have not responded to confirm that
they will appear on the dates and times noticed. *Id.* ¶ 37.

## IV.     ARGUMENT

### A.     Legal Standard

A party may move to compel under Federal Rule of Civil Procedure 37 "whenever
another party fails to respond to a discovery request or when its response is insufficient." *MSTG,
Inc. v. AT&T Mobility LLC*, No. 08 C 7411, 2011 WL 221771, at *2 (N.D. Ill. Jan 20, 2011).
Rule 37(a) provides that

> [a] party seeking discovery may move for an order compelling an
> answer, designation, production, or inspection. This motion may be
> made if: . . . (iii) a party fails to answer an interrogatory submitted
> under Rule 33; or (iv) a party fails to respond that inspection will be
> permitted−or fails to permit inspection−as requested under Rule 34.

Fed. R. Civ. P. 37(a). "By requiring disclosure of relevant information and documents, the
discovery provisions of the Federal Rules of Civil Procedure seek to avoid the surprise and
secrecy that are antithetical to the informed determination of cases of their merits." *Duracell U.S.
Operations, Inc. v. JRS Ventures, Inc.*, No. 17 C 3166, 2018 WL 704686, at *4 (N.D. Ill. Feb. 5,

2018). "[D]istrict courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

Untimely objections to discovery requests, and for which there is no good cause for the untimeliness, are deemed waived. *See Autotech Techs. LP v. Automation-direct.com, Inc.*, 236 F.R.D. 396, 398–99 (N.D. Ill. 2006) (stating that "[f]ailure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted," concluding untimely objections were waived, finding no good cause for counsel's failure to communicate, and compelling the production of documents); *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (citing Federal Rule of Civil Procedure 34(b)'s 30-day response requirement and noting that waiver of "objection[s] to production" can occur "by failing to object when disclosure was due"); *Huntington Chase Condo. Assoc. v. Mid-Century Ins. Co.*, No. 16 C 4877, 2017 WL 440730, at \*6 (N.D. Ill. 2017) (holding that "[i]f plaintiff failed to raise that objection when responding to the discovery request [for the production of documents], the objection is waived"); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection" to an interrogatory "is waived unless the court, for good cause, excuses the failure.").

**B.      Plaintiffs Should Be Compelled to Fully Respond to Discovery Requests, Produce Responsive Documents, and Sit for Their Depositions**

**1.      Plaintiffs Have Waived Any Objections to Defendants' Discovery Requests**

Six weeks passed from Plaintiffs' deadline to respond to Defendants' discovery requests—and two weeks from Plaintiffs' self-imposed deadline—until Plaintiffs provided any responses and documents. And even then, they failed to apprise Defendants that they had— inconsistent with prior practice—mailed the responses, which caused an additional five-day delay in receipt. When Plaintiffs did finally provide responses, they raised objections on which they confirm that they are withholding documents.

Those objections are untimely and cannot prevent the production of otherwise responsive documents. *See Autotech*, 236 F.R.D. at 398–99. As to all but one of them, Plaintiffs have never

even attempted to explain their delay, let alone shown good cause for the extreme delay. *See* Stafford Decl. ¶ 24. The Court should deem the objections waived and order Plaintiffs to produce all documents they are withholding due to those objections and provide further response to any interrogatories that they did not answer fully because of objections. The fast-approaching discovery cutoff —October 31— and the need for all requested information in order to conduct Plaintiffs' depositions only heighten the importance of Defendants receiving all responsive documents and full interrogatory answers.

### 2.        Ms. Kimble Has Provided No Responses and No Documents

In addition, the Court should order Ms. Kimble to respond to the discovery requests and produce responsive documents. Defendants have received nothing from her, and like the other Plaintiffs, Ms. Kimble's objections are waived due to their untimeliness. Although Ms. Kimble has apparently been hospitalized at some point during the pendency of Defendants' discovery requests (which were served in early July), her counsel has never said when she was hospitalized, for how long, for what reason, or how her hospitalization has rendered her completely unable to respond to discovery for a more-than-three-month period. *See Harrington v. City of Chi.*, 422 F.3d 542, 548 (7th Cir. 2006) ("Put simply, despite the deaths of his family members, [the attorney] could have and should have contacted the district court and opposing counsel to explain his circumstances and to work out amicable solutions, such as an enlargement of the discovery period and adjournments of depositions."). Nor has Ms. Kimble ever sought an extension from Defendants or the Court. Although Defendants are of course sympathetic to any health issues, Ms. Kimble may not "simply appropriate[]" a stay of discovery "by refusing to respond to . . . legitimate discovery requests." *O'Conner v. Eden Mgmt. LLC*, No. 13 C 7391, 2014 WL 5761138, at *3 (N.D. Ill. Nov. 4, 2014).

### 3.        Plaintiffs Must Sit—Before the Discovery Cutoff—for Their Depositions

Finally, the Court should order Plaintiffs to appear for their depositions before the discovery cutoff on October 31 or, if necessary to accommodate Plaintiffs' schedules, order that discovery be extended for an additional two weeks solely for the purpose of conducting

Plaintiffs' depositions. *See Westbrook v. Keihin Aircon N. Am.*, No. 1:14-cv-9-WTL-DML, 2014 WL 6908472, at *5 (S.D. Ind. Dec. 5, 2014) (ruling after plaintiff failed to cooperate to schedule his deposition that defendant could notice the "deposition for a date and time convenient to it" with no need to further "attempt to coordinate"). Defendants have tried several times to work with Plaintiffs to find mutually agreeable dates for their depositions and to accommodate scheduling issues. *See* Stafford Decl. ¶¶ 19, 24, 27–28, 36. But Plaintiffs took three weeks from receiving depositions notices until telling Defendants their availability. *Id.* ¶ 28. And when they did, they took the unreasonable position that they and their counsel have absolutely no availability until November 25—nearly four weeks *after* the cutoff. Stafford Decl. ¶ 25, Ex. C at 5. Plaintiffs are not permitted to unilaterally prevent their depositions from occurring until after discovery closes. *See Fulton v. Theradyne Corp.*, No. 06 C 1321, 2007 WL 772953, at *3 (N.D. Ill. Mar. 12, 2007) (holding, in case where "[d]iscovery was closed by the time Plaintiff was scheduling the depositions," that "parties cannot dictate the scheduling of case matters to the court, which has an inherent power to manage the cases on its docket") *Phipps v. Adams*, No. 3:11-cv-147-GPM-DGW, 2012 WL 3074047, at *2 (S.D. Ill. July 30, 2012) (quashing deposition notice setting deposition after the Court's discovery cutoff). They should not be allowed to drag out the discovery process and prolong this litigation, particularly given their eyebrow-raising claims of complete unavailability.

This is, of course, *Plaintiffs'* lawsuit. If they intend to prosecute this matter, they must provide complete discovery and appear for their depositions. *See Vega v. Chipotle Mexican Grill, Inc.*, No. 14 C 7124, 2015 WL 7776877, at *3 (N.D. Ill. Dec. 3, 2015) ("The Court may infer lack of intent to prosecute from a pattern of failure to meet court-imposed deadlines and the failure to appear at a scheduled hearing."). If Plaintiffs do not intend to prosecute their claims, Defendants have no objection to the dismissal of those claims.

### V.    CONCLUSION

Defendants respectfully request that the Court enter an order (1) confirming that Plaintiffs have waived as untimely any objections to Defendants' discovery requests, (2) compelling

Plaintiffs to produce within seven days of the Court's order documents that they have withheld based on untimely objections and to provide amended interrogatory responses, (3) compelling Ms. Kimble to provide responses and produce documents, and (4) compelling Plaintiffs to appear for depositions before the October 31 discovery cutoff (or within two weeks after October 31 if necessary).

Dated: October 15, 2019                                    Respectfully Submitted,


                                                           **JB PRITZKER FOR GOVERNOR,
                                                           JULIANA STRATTON, AND CAITLIN
                                                           PHARO**


                                                           By:    */s/ William B. Stafford*
                                                                   One of Their Attorneys

                                                                  William B. Stafford
                                                                  PERKINS COIE LLP
                                                                  1201 Third Avenue, Suite 4900
                                                                  Seattle, WA 98101-3099
                                                                  Tel: (206) 359-8000
                                                                  Fax: (206) 359-9000
                                                                  WStafford@perkinscoie.com

## CERTIFICATE OF SERVICE

I, William B. Stafford, certify that on October 15, 2019, a copy of the foregoing was sent

via the Court's electronic filing system and email to the following:

Jeanette Samuels
SAMUELS & ASSOCIATES, LTD.
2925 S. Wabash Avenue, Suite 104
Chicago, Illinois 60616
Tel: (872) 588 – 8726
Fax: (872) 444 – 3011
sam@chicivilrights.com

Shay T. Allen
THE LAW OFFICE OF SHAY T. ALLEN
19150 S. Kedzie Ave., Ste. 201
Flossmoor, IL 60422
Tel: (708) 960-0113
sallen@attorneyshaytallen.com

By: */s/ William B. Stafford*

145988349