IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maxwell Little, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>JB Pritzker for Governor, et al.,<br><br>               Defendants. | No. 1:18-CV-06954<br><br>Honorable Virginia M. Kendall |

**NON-PARTY JB PRITZKER AND DEFENDANT JULIANA STRATTON'S MOTION FOR PROTECTIVE ORDER**

Non-party JB Pritzker and Defendant Juliana Stratton (collectively, the "Moving Parties"), by and through their undersigned counsel, move the Court to enter a protective order to prevent Plaintiffs from taking Mr. Pritzker's deposition and to limit in both time and scope Plaintiffs' deposition of Ms. Stratton.[1]

1.    After months of discovery, Maxwell Little, Jason Benton, Jelani Coleman, Celia Colón, Kasmine Calhoun, Erica Kimble, Nathaniel Madison, Tiffany Madison, James B. Tinsley, Mark Walker, Kayla Hogan, and Eric Chaney (collectively, "Plaintiffs") noticed the deposition of non-party and current Governor of Illinois JB Pritzker. They also noticed the deposition of Defendant Juliana Stratton, who is the current Lieutenant Governor of Illinois.

---

[1] Before filing this motion, Defendants' counsel met and conferred with Plaintiffs' counsel via phone on January 14, 2020, at 4:30 p.m. Central time to discuss Plaintiffs' intended depositions of Mr. Pritzker and Ms. Stratton. *See* Local Rules N.D. Ill. LR 37.2; Declaration of William B. Stafford in Support of Motion for a Protective Order ("Stafford Decl.") ¶ 13. The Moving Parties' efforts to resolve the impasse regarding Plaintiffs' intended depositions short of seeking the Court's intervention are more fully detailed in the LR 37.2 certification in the memorandum filed in support of this motion and in the Declaration of William B. Stafford in Support of Motion for a Protective Order, both of which accompany this motion.

The Moving Parties have noticed their Motion for presentment on the first permissible and available Court date after they had an opportunity to meet and confer with Plaintiffs and taking into consideration the Martin Luther King, Jr. holiday on January 20, 2020, and the Court's subsequent availability. *See id.*

2. Plaintiffs have also noticed other depositions—of Defendant JB Pritzker for Governor (the "Campaign"); the former Campaign Manager; the former Deputy Campaign Manager; and five former Campaign employees—but have not yet taken any of those depositions.

3. Defendants have also already made extensive document productions from September 2019 to January 2020 consisting of nearly 6,000 pages of documents.

4. Mr. Pritzker has no meaningful personal knowledge related to Plaintiffs' claims. Further, he was dismissed as a defendant in this lawsuit many months ago, *and* Plaintiffs are able to obtain relevant discovery from other sources—through the thousands of pages of documents they have received and the depositions they intend to take of senior Campaign staff and non-senior Campaign employees. Plaintiffs nonetheless insist on deposing Mr. Pritzker, the current Governor of Illinois and the Campaign's key figure. They have offered no compelling reason why such an "apex" deposition is necessary.

5. As to Ms. Stratton, all claims against her have been dismissed save certain Plaintiffs' defamation claim. Accordingly, and given her role on the Campaign and the fact that she is the sitting Lieutenant Governor, Defendants asked Plaintiffs to agree to limit Ms. Stratton's deposition to a half-day on subject matter relevant to the remaining claim against her. Plaintiffs refused. As with Mr. Pritzker, Plaintiffs have not articulated a persuasive reason to take a wide-ranging deposition of Ms. Stratton.

6. That Mr. Pritzker and Ms. Stratton currently occupy the highest public offices in Illinois only brings into starker relief the potential for harassment and abuse that the depositions would create.

7. The Moving Parties request that the Court enter an order (1) prohibiting Plaintiffs from deposing Mr. Pritzker and (2) limiting the scope of Ms. Stratton's deposition to only the defamation claim and related allegations and the time of the deposition to no more than three hours total.

8. In the alternative, the Moving Parties request that the Court defer ruling on this motion until after Plaintiffs take the 30(b)(6) depositions of the Campaign, the former Campaign

Manager, the former Deputy Campaign Manager, and other former Campaign employees or at the very least, require that any inquiry of Mr. Pritzker and Ms. Stratton as to Plaintiffs' discrimination and harassment claims be by no more than seven written interrogatories or written deposition questions.

WHEREFORE, for the reasons in the Memorandum filed concurrently herewith, the Moving Parties respectfully ask the Court to grant their motion for a protective order.

Dated: January 15, 2020

Respectfully Submitted,

**NON-PARTY JB PRITZKER AND DEFENDANT JULIANA STRATTON**

By: */s/ William B. Stafford*
 One of Their Attorneys

William B. Stafford
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000
WStafford@perkinscoie.com

## **CERTIFICATE OF SERVICE**

      I, William B. Stafford, certify that on January 15, 2020, a copy of the foregoing was sent via the Court's electronic filing system and email to the following:

| | |
|---|---|
| Jeanette Samuels<br>SAMUELS & ASSOCIATES, LTD.<br>2925 S. Wabash Avenue, Suite 104<br>Chicago, Illinois 60616<br>Tel: (872) 588 – 8726<br>Fax: (872) 444 – 3011<br>sam@chicivilrights.com | Shay T. Allen<br>THE LAW OFFICE OF SHAY T. ALLEN<br>19150 S. Kedzie Ave., Ste. 201<br>Flossmoor, IL 60422<br>Tel: (708) 960-0113<br>sallen@attorneyshaytallen.com |

By: */s/ William B. Stafford*

146863888.1