**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAXWELL LITTLE, JASON BENTON, JELANI COLEMAN, CELIA COLÓN, KASMINE CALHOUN, ERICA KIMBLE, NATHANIEL MADISON, TIFFANY MADISON, JAMES B. TINSLEY, MARK WALKER, KAYLA HOGAN, and ERIC CHANEY, <br><br> Plaintiff, <br><br> v. <br><br> JB PRITZKER FOR GOVERNOR, JAY ROBERT PRITZKER, JULIANA STRATTON, ANNE CAPARA, QUENTIN FULKS, and CAITLIN PHARO, <br><br> Defendants. | Case No. 1:18-cv-06954 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Jeffrey I. Cummings |

**OPPOSITION TO MOTION TO COMPEL SUBPOENA RESPONSE AND CROSS-MOTION TO QUASH SUBPOENA AND FOR SANCTIONS**

Non-Party East Lake Management Group, Inc. ("East Lake") (1) opposes Plaintiffs Maxwell Little, Jason Benton, Jelani Coleman, Celia Colón, Kasmine Calhoun, Erica Kimble, Nathaniel Madison, Tiffany Madison, James B. Tinsley, Mark Walker, Kayla Hogan, and Eric Chaney's Motion to Compel (the "Motion") a response to their subpoena *duces tecum* of January 28, 2020 (the "Subpoena"), and (2) moves under Federal Rule of Civil Procedure 45(d) for the entry of an order quashing the Subpoena and awarding East Lake an appropriate sanction. The grounds for this filing are as follows:

**INTRODUCTION**

Federal Rule of Civil Procedure 45 directs an attorney issuing a subpoena to a non-party to "take reasonable steps to avoid imposing undue burden"; a court must quash a subpoena that subjects a non-party to such burden. Fed. R. Civ. P. 45(d)(1),(3)(A)(iv). As discussed below, the Court should quash the Subpoena as unduly burdensome in view of the factors courts consider

when deciding if undue burden exists. Non-parties are "entitled to greater protection under Rule 45 when making this assessment." *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *2 (N.D. Ill. Nov. 15, 2017). As also noted below, the Court should sanction Plaintiffs' counsel for breaching her duty to protect East Lake from undue burden.

The Subpoena requests, among other material, "any and all communications," including emails, between East Lake and the Campaign. Pls.' Mot., Ex. 1, at Rider. East Lake objected to the Subpoena as unduly burdensome on several grounds. First, the more convenient and less burdensome source for the requested material is the Campaign. Indeed, it's axiomatic that a "party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party." *PrimeSource Buildings Prods., Inc. v. Felten*, No. 16 CV 11468,  , at *3 (N.D. Ill. Apr. 27, 2018) (citation omitted).

The Subpoena is also overly broad given that its requests are not "limited to any specific timeframe and do not target a particular subject matter." *Earthy, LLC v. BB&HC, LLC,* No. 16 CV 4934, 2017 WL 4512761, at *3 (N.D. Ill. Oct. 10, 2017). Plaintiffs' belated attempt to narrow the scope of the Subpoena in the Motion is too little, too late. In addition, the requested material is irrelevant and thus outside the scope of discovery under Rule 45. For instance, while the Subpoena seeks maintenance information about a store East Lake leased to the Campaign (the "Property"), the Complaint does not allege that Plaintiffs' workplaces were "unsafe" because of structural issues. Rather, Plaintiffs claim that their offices were unsafe because they were in high-crime areas. *See* 2d Am. Comp. ¶ 45. Besides, Plaintiffs admit that the subject matter of the information they now seek from East Lake would be duplicative of information they already obtained in discovery. Pls.' Mot. ¶ 2. This is yet another reason the Subpoena is unduly burdensome. *Earthy*, 2017 WL 4512761, at *3.

## BACKGROUND

### *Plaintiffs' Second Amended Complaint*

The Court is familiar with the allegations in Plaintiffs' Second Amended Complaint (the "Complaint"). In brief, Plaintiffs, who are black, African-American or Latino men or women, are currently, or were, employed as field organizers for Defendant JB Pritzker for Governor (the "Campaign"). 2d Am. Comp. ¶ 3. Plaintiffs alleged that they suffered racial discrimination from the Campaign and others, including being denied a "safe place to work." *Id*. at ¶ 26(c). Specifically, Plaintiffs claim that the Region 6 office "is placed in an unsafe location." *Id*. at 45. According to them, in broad daylight, the "Footlocker next door" to the office "was robbed twice in a week," "two other stores nearby have been robbed," the "office has been cased," a "young woman was raped outside" the office's back door, and "a gunfight took place right outside their office." *Id*. Plaintiffs bring claims under section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging racial discrimination, harassment, and retaliation. 2d Am. Comp. ¶¶ 56-65.

### *The Campaign's Store Lease*

East Lake leased the Property, located at 5401 South Wentworth Avenue, Unit #01-08, Chicago, Illinois 60609, to the Campaign. The term of the lease was seven months, beginning September 1, 2017, and ending March 31, 2018. We suspect that the Property is the Region 6 office Plaintiffs refer to in the Complaint given that there's a Foot Locker store nearby.

### *The Subpoena*

The Subpoena requests "documents" and "electronically stored information" and includes a Rider that requested the following four categories of documents by February 19, 2020:

    1.    Produce a copy of any and all communications with [the Campaign];
    2.    Produce a copy of any and all communications with any agent of [the Campaign];
    3.    Produce a copy of any and all lease agreements made with any agent of [the Campaign]; and

    4.    Produce a copy of any [sic] all maintenance or service requests for any property leased or rented to [the Campaign].

Pls.' Mot., Ex. 1, at Rider.

On February 19, 2020, East Lake objected to the Subpoena in a letter from its counsel on several grounds, including those discussed below. *Id*., Ex. 2. Plaintiffs' counsel never responded to the letter from East Lake's counsel and instead filed the Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the use of subpoenas. Rule 45(a) permits a party to issue a subpoena directing a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession." Fed. R. Civ. P. 45(a)(1)(A)(iii). But Rule 45's grant of authority isn't unfettered. Rule 45(d) instructs that an attorney responsible for issuing "a subpoena *must* take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1) (emphasis added). Likewise, while a subpoenaing party may move "for an order compelling production," of the material requested in a subpoena, Rule 45(d) requires that any order the court enters "*must* protect" a non-party "from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(i),(ii) (emphasis added). All told, as this Court recently noted, the "desideratum of Fed. R. Civ. P. 45[(d)] is the protection of non-parties from undue burdens." *Taylor v. Kilmer*, No. 18 CV 7403, 2020 WL 606781, at * 2 (N.D. Ill. Feb. 7, 2020) (quoting *Elliot v. Mission Trust Services, LLC*, 2015 WL 1567901, *3 (N.D. Ill. 2015)) (Cummings, J).

Courts have regularly held that non-party status "is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Tresóna Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *2 (N.D. Ill. Aug. 17, 2015) (quoting *Parker v. Four Seasons Hotels, Ltd*., 291 F.R.D. 181, 188 (N.D. Ill. 2013)). Such status is entitled to "special

4

weight" because, "[a]lthough discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations." *United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *5 (N.D. Ill. Oct. 21, 2005) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)); *see also Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *2 (N.D. Ill. Nov. 15, 2017) ("Non-parties generally are entitled to greater protection under Rule 45 when making this assessment").

Other factors courts consider when determining if a subpoena would subject a non-party to an undue burden include (1) whether the requested information can be obtained from another source that's "more convenient" or "less burdensome," (2) whether the party requesting material had "ample opportunity" to obtain it via discovery in the action, and (3) whether the requested information is "cumulative or duplicative." *Earthy*, 2017 WL 4512761, at *3 (quoting Fed. R. Civ. P. 26(b)(2)(C)). Courts also consider "the relevance of the discovery sought, the subpoenaing party's need for the discovery, and the breadth of the request." *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). As for relevance, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Williams v. Blagojevich*, No. 05 C 4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008); *see also* Fed. R. Civ. P. 45(a)(2) advisory committee's note to 1991 amendment (a "non-party witness is subject to the same scope of discovery under this rule as that person would be as a party"). Rule 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

A court "*must* quash or modify a subpoena" that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv) (emphasis added). Furthermore, the court "*must* enforce" a party's

duty to avoid imposing an undue burden on a non-party by imposing "an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1) (emphasis added).

## ARGUMENT

Each of the next three sections sets forth independent grounds on which the Court should find that the Subpoena is unduly burdensome, particularly when considering that non-party status is a "significant factor" the Court should consider in determining whether the burden imposed is undue. *Legg*,, 2015 WL 4911093, at *2.

### A. Plaintiffs Could Get The Information They Seek From The Campaign, And They Have Had Ample Opportunity To Do So

Plaintiffs could, without question, obtain all of the material requested in the Subpoena from a "more convenient" and "less burdensome" source than East Lake—namely, the Campaign. It is settled law that a "non-party subpoena seeking information that is readily available from a party through discovery may be quashed" as unduly burdensome. *Legg*, 2015 WL 4911093, at *3. In *Earthy*, for instance, the court quashed a subpoena when the subpoenaing parties could have "sought discovery using less intrusive means, such as direct discovery" from the first party in the action. 2017 WL 4512761, at *3. Similarly, the court quashed two subpoenas in *Ameritox, Ltd. v. Millennium Laboratories., Inc*., No. 12-CV-7493, 2012 WL 6568226, at *3 (N.D. Ill. Dec. 14, 2012), holding that the material sought in them is "certainly more readily available" from the plaintiff. To be sure, as noted above, a "party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party." *PrimeSource*, 2018 WL 10425599, at *3 (quoting *Countryman v. Cmty. Link Fed. Credit Union*, No. 1:11-CV-136, 2012 WL 1143572, at *5 (N.D. Ind. Apr. 3, 2012)) (internal quotation and citation omitted).

6

In this case, each of the first three document requests in the Subpoena's Rider seeks communications or documents that include the Campaign or one of its agents, Pls.' Mot., Ex. 1 at Rider ¶¶ 1-3, and the last request seeks "maintenance or service requests" that the Campaign would have sent to East Lake. *Ibid.* ¶ 4. The email that Plaintiffs cited in the Motion even contemplates that the Campaign would contact East Lake about a water leak at the Property. Pls.' Mot., Ex. 3. Accordingly, Plaintiffs could get the information from the Campaign.

Plaintiffs essentially concede this point, stating that "the Campaign should produce any records they may have yet to produce" regarding "their problem with the [Property]." Pls.' Mot. ¶ 7. Plaintiffs suggest, however, that the Court should rely on the Campaign's alleged failure to produce the documents as a basis to compel East Lake to produce them. Courts have flatly rejected this argument. In *Legg*, the court stated that a "plaintiff does not demonstrate a compelling need to seek duplicative third-party requests simply because a party in the underlying action fails to comply with document requests for the same information." 2015 WL 4911093, at *3. The court also noted that the subpoenaing party did not "assert, nor does it provide evidence to support, that it has or will pursue a remedy against" the first party "for any alleged improper actions in withholding incriminating documents that fall within the scope of proper outstanding discovery requests." *Id*. Plaintiffs likewise do not indicate that they have made any attempt to compel the Campaign to produce the documents sought in the Subpoena.

But, to be sure, Plaintiffs "had ample opportunity" to do so. *Earthy*, 2017 WL 4512761, at *3. Fact discovery was open nearly 11 months. Minute Entry, *Little v. JB Pritzker for Governor*, No. 18-cv-06954 (N.D. Ill. Apr. 8, 2019), ECF No 45; Minute Entry, *id*. (N.D. Ill. Jan. 27, 2020), ECF No. 74. During that time, the Court extended fact discovery three times, twice at Plaintiffs' request. Minute Entry, *id*. (N.D. Ill. Oct. 22, 2019), ECF No. 52; Minute Entry, *id*.

7

(N.D. Ill. Nov. 26, 2019), ECF No. 59; Minute Entry, *id*. (N.D. Ill. Jan. 27, 2020), ECF No. 74. According to Plaintiffs, the parties often conferred about discovery issues. *E.g.*, Pls.' Mot. to Extend Fact Discovery, *id*. (N.D. Ill. Nov. 21, 2019), ECF No. 57 ¶ 7 (the parties "have continued to meet and confer … regarding their discovery disputes in an effort to resolve them without this Court's intervention—including an [sic] 1.5 hour-long phone conference"). Also, on or about the last day of fact discovery, Plaintiffs filed several motions, including one moving to compel "the defendants to produce all handwritten notes … related to allegations of racial discrimination." Pls.' Mot. to Compel, *id*. (Feb. 29, 2020), ECF No. 84, at 9. Plaintiffs could have (but didn't) seek to compel the Campaign to produce the material they request here.

### B. The Subpoena's Document Requests are Overly Broad

Each of the Subpoena's document requests is too broad and, thus, unduly burdensome. Courts often hold that requests are "overly broad" when they aren't "limited to any specific timeframe and do not target a particular subject matter." *Earthy*, 2017 WL 4512761, *3 (citing *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006)). In *Earthy*, for example, the court quashed a subpoena request seeking "all communications, documents, and electronically stored information 'between [the defendant] and any Person referencing or relating to' [the subpoenaing parties]." *Earthy*, 2017 WL 4512761, *3 (quoting the subpoena at issue).

The Subpoena's requests are equally broad. The first two requests seek "any and all communications" between East Lake, on the one hand, and the Campaign or one of its agents, on the other hand. Pls.' Mot., Ex. 1, at Rider, ¶¶ 1-2. The requests are neither limited by timeframe, nor subject matter. The other requests are also unqualified and unlimited. The third seeks "any and all lease agreements" made between East Lake and the Campaign, and the final one seeks "any [sic] all maintenance or service requests for any property leased or rented" by the Campaign. The Subpoena's requests are the classic type that courts deem overbroad. *Earthy*,

8

2017 WL 4512761, *3; *see also Builders Ass'n of Greater Chicago v. City of Chicago*, No. 96 C 1122, 2002 WL 1008455, at *5 (N.D. Ill. May 13, 2002) (subpoena was overly broad where it requested "all documents relating to any claim, complaint or arbitration, and documents relating to hiring, use of apprentices and sponsorship of individuals for membership in a trade union").

Plaintiffs effectively seek to narrow the Subpoena's documents requests in the Motion, thereby tacitly conceding that they are overly broad. In fact, the Motion reads as if the Subpoena just seeks emails between East Lake and the Campaign "regarding maintenance required at their offices." Pls.' Mot. ¶ 2-3. The Court shouldn't be fooled. Again, the Subpoena requests "any and all communications" between East Lake and the Campaign—without specifying a subject matter—and a mass of other documents. Pls.' Mot., Ex. 1, at Rider.[1]

### C. The Subpoena Seeks Information That Is Irrelevant and Cumulative

The information requested here is irrelevant and cumulative and thus outside the scope of discovery contemplated by Rule 45. At the outset, even though East Lake expressly objected to the Subpoena as irrelevant, Pls.' Mot., Ex. 2, Plaintiffs don't attempt to explain why the material they seek relates to their claims. They simply claim that the Campaign has not produced "emails … reflecting communications" between it and East Lake regarding "maintenance required" at the Property and argue that the "court should compel Eastlake [sic] to respond to the [S]ubpoena." Pls.' Mot. ¶¶ 2-3, 8.

Besides, the Complaint's allegations belie the need for any emails about maintenance. Plaintiffs make clear that they were labeling the Region 6 office as "unsafe" due to the amount of *crime* in the area. 2d Am. Comp. ¶ 45. Yet, they now purport to request the information sought in

---

[1] Counsel for Plaintiffs could have tried to meet and confer with East Lake's counsel to narrow the Subpoena's requests after East Lake objected—as subpoenaing parties typically do—but she instead filed the Motion without contacting him. It's too late for Plaintiffs to now to try to restrict the Subpoena's requests.

the Subpoena because of "problems with the *structural integrity*" of the office. Pls.' Mot. ¶ 4 (emphasis added).[2] Plaintiffs do not allege that the offices where they worked were unsafe because of structural issues, *see id*. ¶¶ 1-16, and, thus, any maintenance-related information regarding the Property is irrelevant to the claims in the Complaint.

Plus, Plaintiffs have not shown a "need for the discovery." *Uppal*., 124 F. Supp. 3d at 813. On the contrary, they admit that the substance of the material would simply be cumulative or duplicative of information that they already collected in discovery. Pls.' Mot. ¶ 2. ("Emails produced during the course of litigation indicate the campaign communicated with other landlords regarding maintenance required at their offices—such as painting over mold at one office"). Courts often quash or modify subpoenas that seek cumulative or duplicative material. *E.g.*, *PrimeSource*, 2018 WL 10425599, at *3 (limiting a subpoena to "prevent cumulative discovery and unnecessary burden to the subpoenaed third-parties in producing documents that [the subpoenaing party] can acquire directly from [the plaintiff]").

The Subpoena would be unduly burdensome even if the requested information has some slight relevance to this case. *Patterson v. Burge*, No. 03 C 4433, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005) ("non-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection"). The ordinary effort to collect and produce emails and alike would far outweigh the nominal value of the requested information, especially considering East Lake's

---

[2] Plaintiffs' claim that there were "significant problems with the structural integrity" of the Property is fallacious and unsupported by any document they have presented to the Court. The email attached to the Motion shows a small stain on the ceiling tiles that apparently occurred "after a night of rain/snow mix." Pls.' Mot., Ex. 3. A ceiling leak, particularly in Chicago, where almost every building leaks at one time or another, is hardly the type of thing that leads to the conclusion that a building has significant structural problems.

non-party status, that Plaintiffs could get all of the requested material from the Campaign, *supra* at 6-8, and that the requested information would be cumulative or duplicative.

### D. The Court Should Award Sanctions In Favor Of East Lake Due To The Failure Of Plaintiffs' Counsel To Avoid Imposing An Undue Burden

East Lake seeks the attorneys' fees and expenses it incurred in responding to the Subpoena and the Motion per Rule 45(d)(1). As noted above, an award of sanctions is mandatory when an attorney issuing a subpoena fails in its duty "take reasonable steps to avoid imposing undue burden" on a non-party; the "court … must enforce this duty and impose an appropriate sanction." Fed. R. Civ. P. 45(d)(1). *Am. Soc. of Media Photographers, Inc. v. Google, Inc.*, No. 13 C 408, 2013 WL 1883204, at *6 (N.D. Ill. May 6, 2013) (Rule 45(d)(1) "allows for costs, including reasonable attorney fees, when a party has faced an undue burden or expense in objecting to a subpoenaing party who failed to take reasonable steps to ensure the subpoena would not result in an undue burden") Furthermore, "good faith in issuing a subpoena is not sufficient to avoid sanctions under Rule 45(c)(1) if a party has issued the subpoena in violation of the duty imposed by that Rule." *Builders Ass'n of Greater Chicago,* 2002 WL 1008455, at *3.

Plaintiffs' counsel has breached her duty to avoid imposing an undue burden on East Lake in multiple ways. First, she served a subpoena on East Lake that was overly broad, as evidenced by the fact that Plaintiffs now attempt to narrow the Subpoena's scope via the Motion. Pls.' Mot. ¶¶ 2-3, 8. As shown above, the Subpoena sought "any and all communications" between East Lake and the Campaign, with no limit on timeframe or subject matter. Pls.' Mot., Ex. 1, at Rider. Furthermore, all of the information Plaintiffs sought from East Lake they could get from the Campaign. *Supra* at 5-8. Then, after East Lake objected to the Subpoena, Plaintiffs' counsel did not attempt to meet and confer with East Lake's counsel to try to cure East Lake's objections. Instead, she filed the Motion and dragged East Lake into this lawsuit. Moreover, the

material the Subpoena requests has questionable relevance, *supra* at 9-10, and Plaintiffs admit that the information would be cumulative of discovery it has already collected. *Supra* at 10.

Courts routinely impose sanctions where, as here, an attorney shows a blatant disregard for the undue burden a subpoena places on a non-party. *E.g.*, *Elliot v. Mission Tr. Servs., LLC*, No. 14 C 9625, 2015 WL 1567901, at *6 (N.D. Ill. Apr. 7, 2015) (awarding attorneys' fees under Rule 45(d)(1) "because there is nothing that demonstrates [a party] took reasonable steps to ensure the subpoena would not result in an undue burden"); *Am. Soc. of Media Photographers*, 2013 WL 1883204, at *6 (awarding attorneys' fees under Rule 45(d)(1) where counsel "failed to take reasonable steps after meeting and conferring" with the non-party, such as withdrawing the subpoena); *Builders Ass'n of Greater Chicago*, 2002 WL 1008455 at *4 (awarding fees and costs to the prevailing party after the court quashed a subpoena, and finding that a subpoena need not be frivolous or in bad faith to justify an award).

## CONCLUSION

For the reasons outlined above, East Lake respectfully requests that the Court enter an order denying the Motion and granting its Cross-Motion to Quash Subpoena. East Lake also requests that the Court enter an order for sanctions against Plaintiffs' counsel, and in favor of East Lake, awarding the attorneys' fees and expenses East Lake incurred in responding to the Subpoena and the Motion.

DATED this 10th day of March 2020.      Respectfully submitted,

By:   /s/Charles E. Harris, II
Charles E. Harris, II
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: +1 312 782 0600
charris@mayerbrown.com

*Attorneys for East Lake Mgmt. Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 10, 2020, he caused copies of the attached **Notice of Motion** and **Opposition to Motion to Compel Subpoena Response and Cross-Motion to Quash Subpoena and for Sanctions** to be served by CM/ECF or United States mail:

Jeanette Samuels
Shiller Preyar Jarard & Samuels
601 South California Avenue
Chicago, Illinois 60612
Tel: +1 312 226 4590
sam@spjslaw.com

Shay T. Allen
The Law Office Of Shay T Allen
19150 South Kedzie Avenue, Suite 201
Flossmoor, Illinois 60422
Tel: +1 708 960 0113
sallen@attorneyshaytallen.com

William B. Stafford
Mallory Anne Gitt Webster
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: +1 206 359 6217
Tel: +1 206 359 3701
bstafford@perkinscoie.com
mwebster@perkinscoie.com

                                                      /s/Charles E. Harris, II
                                              *Attorneys for East Lake Management Group*