IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXWELL LITTLE, *et al.*, | ) |
| *Plaintiffs,* | ) ) ) |
| v. | ) No. 18 C 6954 ) |
| JB PRITZKER FOR GOVERNOR, *et al.*, | ) Judge Virginia M. Kendall ) ) |
| *Defendants.* | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Defendants JB Pritzker for Governor, Juliana Stratton, and Caitlin Pharo (collectively, "Defendants") move for sanctions pursuant to Federal Rule of Civil Procedure 37 based on Plaintiffs Maxwell Little, Jason Benton, Jelani Coleman, Celia Colón, Kasmine, Calhoun, Erica Kimble, Nathaniel Madison, Tiffany Madison, James Tinsley, Mark Walker, Kayla Hogan, and Eric Chaney's (collectively, "Plaintiffs") repeated failure to comply with the Court's discovery orders. For the following reasons, Defendants' motion is granted.

**BACKGROUND**

The relevant factual background is largely derived from this Court's docket and the exhibits and affidavits submitted by Defendants. Although Plaintiffs offer assertions of fact in the responsive brief, "[a]rguments and factual assertions made by counsel in a brief, unsupported by affidavits, cannot be given any weight." *In re Morris Pain & Varnish Co.*, 773 F.2d 130, 137 (7th Cir. 1985); *see also Mitze v. Colvin*,

1

782 F.3d 879, 882 (7th Cir. 2015); *U.S. v. Adriatico-Fernandez*, 498 Fed. Appx. 596, 599 (7th Cir. 2012).

## I. Early Discovery Issues

Upon ruling on Defendants' Motion to Dismiss, the Court set a discovery schedule on April 8, 2019, which ordered fact discovery closed on October 31, 2019. (Dkt. 45). Fact discovery comprises all written discovery and the oral depositions of fact witnesses.

On July 3, 2019, Defendants served written discovery on Plaintiffs, consisting of a single set of interrogatories for all Plaintiffs and requests for production specific to each Plaintiff. (Dkt. 55-1). Defendants requested a response by August 2, 2019. (Dkt. 55 ¶ 12).

Plaintiffs neither responded to Defendants' written discovery requests nor requested an extension by August 2, 2019. (Dkt. 55 ¶¶ 12–13). On August 21, 2019, counsel for Defendants emailed Plaintiffs' counsel inquiring after the discovery responses and asking when they should expect to receive them. (Dkt. 55-2 at 3). Plaintiffs' counsel responded that day apologizing for the delay and assuring Defendants' counsel they would have the responses "by next Friday [August 30, 2019]." (Dkt. 55-2 at 3).

Defendants did not receive written discovery responses from Plaintiffs by August 30, 2019, and once again reached out to Plaintiffs' counsel on September 3, 2019, regarding the status of the responses. (Dkt. 55-2 at 2). At this point, Defendants also sent deposition notices for the Plaintiffs with "proposed dates for

[the] depositions as placeholders" but noted they were "happy to discuss scheduling at times convenient to you and your clients." (Dkt. 55-2 at 3). Defendants' counsel requested that, once Plaintiffs' counsel reviewed the deposition notices, they would let Defendants' counsel know if they'd "like to discuss or propose any alternative times for [the] depositions." (Dkt. 55-2 at 3).

Once again, Plaintiffs did not respond to Defendants' inquiry or submit written discovery responses. Defendants' counsel reached out again three days later on September 6, 2019, alerting Plaintiffs' counsel that "the written responses to our discovery requests were due more than a month ago" and, based on Plaintiffs' August 21, 2019, email, Defense counsel expected they "would have these responses by Friday August 30." (Dkt. 55-2 at 2). Defense counsel requested a meet and confer regarding discovery on September 9, 2019. (Dkt. 5502 at 2). Plaintiffs' counsel responded on September 9, 2019, that, while she was unavailable that day due to a funeral, she was "available tomorrow afternoon" on September 10, 2019. (Dkt. 55-2 at 2). Notably, Plaintiffs' counsel did not respond regarding the deposition notices or proposed deposition schedule Defendants' sent on September 3, 2019. (Dkt. 55-2 at 2).

Plaintiffs and Defendants met and conferred over telephone the following day on September 10, 2019, the substance of which Defendants' counsel memorialized in an email sent to Plaintiffs' counsel that day. (Dkt. 55-3 at 7–8). Regarding the delayed written discovery responses, Plaintiffs' counsel stated Plaintiff Erica Kimble had been in and out of the hospital and they would provide their written discovery

3

responses no later than September 13, 2019. (Dkt. 55 ¶ 24; Dkt. 55-3 at 8). Plaintiffs did not explain why Kimble was hospitalized, when, or for how long. (Dkt. 55 ¶ 24). Defendants agreed to this proposed deadline but expressed confusion as to why Kimble's medical issues precluded written discovery responses for the other 11 Plaintiffs. (Dkt. 55 ¶ 24; Dkt. 55-3 at 8). Defendants also informed Plaintiffs that, if they did not receive the written discovery responses by September 13, 2019, they would need to move to compel. (Dkt. 55-3 at 8). The parties also discussed deposition scheduling during the meet and confer and Plaintiffs agreed to propose specific dates and times for depositions on September 12, 2019. (Dkt. 55-3 at 8). Plaintiffs did not provide deposition dates on September 12, 2019, nor did they provide written discovery responses on September 13, 2019. (Dkt. 55 ¶ 26; Dkt. 55-3 at 6–7).

On September 16, 2019, Defendants reached out to Plaintiffs regarding the missing written discovery responses and deposition dates. (Dkt. 55-3 at 6–7). Regarding the written discovery responses, Defendants informed Plaintiffs that, because they failed to meet their agreed-upon deadline, "Plaintiffs have waived any objections to those requests" and Defendants were forced file a motion to compel. (Dkt. 55-3 at 7). As to depositions, Defendants reminded Plaintiffs they could not "adequately prepare for depositions without responses to [] written discovery" and, based on the deposition notices, "[t]he first scheduled deposition is a week from today." (Dkt. 55-3 at 6–7). Plaintiffs responded later that day that "[written] discovery responses were mailed on [September 13, 2019]" because "[t]here was too much material to email" and Defendants "should receive those items any day now."

4

(Dkt. 55-3 at 7). Plaintiffs also for the first time informed Defendants that "[n]one of those dates on your [deposition] notices work" and that "[o]nce Jeanette and I are able to get bad dates from all our clients and cross reference those with bad dates between us I will get those dates back to you." (Dkt. 55-3 at 6). Plaintiffs did not respond to Defendants' assertion that objections to written discovery requests were waived. (Dkt. 55-3 at 6).

Defendants received two CDs containing Plaintiffs' written discovery responses on September 19, 2019. (Dkt. 55 ¶ 31; Dkt. 55-3 at 4). Although Plaintiffs' counsel represented in their September 16, 2019, email that the written discovery responses were mailed on September 13, 2019 (Dkt. 55-3 at 7), the discovery letter accompanying the materials was dated September 16, 2019. (Dkt. 55 ¶ 31; Dkt. 55-3 at 4). The packages were not postmarked to indicate when they were mailed. (Dkt. 55 ¶ 31). Plaintiffs' responses to the requests for production, along with the interrogatory responses for eight of the 12 plaintiffs, were dated well after the initial August 2, 2019, deadline.[1] (Dkt. 55-4). These responses did not include any responses from Plaintiff Kimble. (Dkt. 55 ¶ 32; Dkt. 55-4).

The next day, on September 20, 2019, Defendants' counsel emailed Plaintiffs' counsel regarding these written discovery responses. Defendants' counsel alerted

---

[1] Plaintiffs' response to the requests for production is dated August 15, 2019. (Dkt. 55-4 at 8). Plaintiff Jason Benton's interrogatory responses are dated August 25, 2019. (Dkt. 55-4 at 25). Plaintiff Jelani Coleman's interrogatory responses are dated August 31, 2019. (Dkt. 55-4 at 33). Plaintiff Kasmine Calhoun's interrogatory responses are dated August 24, 2019. (Dkt. 55-4 at 50). Plaintiff Nathaniel Madison's interrogatory responses are dated August 23, 2019. (Dkt. 55-4 at 58). Plaintiff Tiffany Madison's interrogatory responses are dated August 29, 2019. (Dkt. 55-4 at 66). Plaintiff James Tinsley's interrogatory responses are dated September 4, 2019. (Dkt. 55-4 at 74). Plaintiff Mark Walker's interrogatory responses are dated September 3, 2019. (Dkt. 55-4 at 82). Plaintiff Eric Chaney's interrogatory responses are dated September 5, 2019. (Dkt. 55-4 at 94).

Plaintiffs' counsel that "Plaintiffs have purported to make objections to some requests, despite waiving those objections by failing to timely respond" and "Plaintiffs are withholding documents on the basis of those objections." (Dkt. 55-3 at 4–5). After receiving no response, Defendants' counsel emailed once again on September 23, 2019, requesting confirmation Plaintiffs were withholding documents based on waived objections. (Dkt. 55-3 at 3). In addition, Defendants' counsel asked "to promptly receive deposition dates that work for [Plaintiffs] so that we can get these depositions scheduled." (Dkt. 55-3 at 3). Absent a response, Defendants would "have to re-notice the depositions with the expectation that the Plaintiffs will show up on the noticed dates." (Dkt. 55-3 at 3).

Plaintiffs' counsel replied the next day on September 24, 2019, that, as to depositions, "the first completely open day I have is November 25" and "December is fine for now except for [December 3, 2019] and the week of [December 9, 2019] . . . [and] from [December 23, 2019] to [January 5, 2019] I am out of town." (Dkt. 55-3 at 2). At this point, fact discovery was ordered closed by October 31, 2019. (Dkt. 45). Defendants' counsel reminded Plaintiffs' counsel of this deadline in their same-day response. (Dkt. 55-3 at 2).

The parties conducted their Local Rule 37.2 meet and confer on October 1, 2019, to discuss these discovery issues. (Dkt. 55 ¶ 36; Dkt. 55-5 at 3). Defendants' counsel followed up this conference with an email to Plaintiffs' counsel on October 9, 2019, providing amended deposition notices "to coincide with the October 31 discovery cutoff." (Dkt. 55-5 at 3). Defendants' counsel offered to schedule some depositions in

6

the two weeks following the October 31, 2019, deadline if Plaintiffs' counsel could provide specific dates for specific plaintiffs. (Dkt. 55-5 at 3). Defendants' counsel reiterated they were "happy to be cooperative about scheduling depositions" but must "ensure that these depositions take place" in light of Plaintiffs' failure to provide "preferred dates since [receiving] deposition notices on September 3." (Dkt. 55-5 at 3). Plaintiffs' counsel did not respond.

On October 18, 2019, Defendants' counsel emailed Plaintiffs' counsel that, given the motion to compel hearing scheduled for October 22, 2019, the depositions then noticed for October 21, 2019, and October 22, 2019, would need to be rescheduled but they "do intend . . . to move forward with the other depositions as currently noticed, starting with Ms. Hogan's deposition on Wednesday [October 23, 2019]." (Dkt. 55-5 at 2–3). Plaintiffs' counsel replied on October 21, 2019, they would "not be able to accommodate a deposition [October 23, 2019]" and "the week of January 6, 2020 is realistically the first week I would be open to do depositions." (Dkt. 55-5 at 2). Plaintiffs' counsel identified potential deposition dates, offering "all day of January 7–9 are open and the afternoon of January 10 . . . Then all day January 21, 23, 24 are available. Then all day the entire week of January 27 is available." (Dkt. 55-5 at 2). Plaintiffs' counsel also alerted Defendants' counsel to upcoming scheduling conflicts, specifically "a jury trial today [October 21, 2021]" and another one "set the week of January 13" with plans to be out of town from December 23, 2019, through January 5, 2020. (Dkt. 55-5 at 2).

7

**II.     Motion to Compel and the October 22 Order**

Defendants moved to compel on October 15, 2019. (Dkt. 48). In relevant part, Defendants asked this Court (1) to rule Plaintiffs waived untimely objections to Defendants' written discovery requests; (2) to compel Plaintiffs to provide documents and amended interrogatory responses withheld or omitted based on untimely objections; (3) to compel Kimble to respond to Defendants' written discovery requests; and (4) order Plaintiffs to appear for depositions before the October 31, 2019, discovery cutoff or within two weeks after that date. (Dkt. 49 at 1).

Plaintiffs emailed Kimble's responses to written discovery requests on October 21, 2019, explaining counsel had "just returned from holiday and [saw] that Ms. Kimble's interrogatory answers and related production never made it out of my mailbox." (Dkt. 55 ¶ 41). The verification page of Kimble's responses was cutoff such that Defendants could not confirm when she completed her interrogatories. (Dkt. 55 ¶ 41).

On October 22, 2019, the Court heard oral argument on Defendants' motion to compel and granted the motion in whole. The Court orally ruled Plaintiffs waived their right to object to written discovery requests. Tr. At 3:18–19. Defendants' counsel argued Plaintiffs were withholding documents based on those waived objections and "there are a handful of [interrogatory] responses that we think are deficient where there are objections." Tr. At 7:1–13. The Court ordered Plaintiffs to identify whatever documents they withheld and for what purpose by November 1, 2019 (Tr. at 7:16–19) and to "supplement or respond to any deficiency requests by the

8

defendants" by November 8, 2019 (Tr. at 7:20–21). Finally, the Court extended the close of fact discovery and ordered parties "to complete all of your discovery, which includes all of the depositions" by December 10, 2019. Tr. at 7:22–23.

The Court's oral rulings were memorialized that same day (the "October 22 Order"). (Dkt. 52). The October 22 Order confirmed Defendants' motion to compel was granted and reiterated the new discovery deadlines. (Dkt. 52). At the conclusion of the hearing, Defendants' counsel asked Plaintiffs' counsel in person to provide dates available for deposition between then and December 10, 2019. (Dkt. 55 ¶ 43).

### III. Subsequent Discovery Issues

Defendants emailed Plaintiffs on October 24, 2019, reminding them of the November 1, 2019, deadline for additional information and requesting "all the available dates for depositions starting November 11 and running through the new deadline the Court provided for us to complete these depositions (December 10)[.]" (Dkt. 55-7 at 5). Plaintiffs responded on October 31, 2019, that they would have "a definite response on which items are being withheld if any and for what reasons by tomorrow [November 1, 2019]." Regarding deposition dates, Plaintiffs promised to "do our best to get deposition days to you as soon as possible" but that they "gave feasible dates in a prior email." Presumably, Plaintiffs' counsel referred to the October 21, 2019, email, which offered dates starting the week of January 6, 2019. (Dkt. 55-5 at 2). Defendants replied later that day that they "look forward to . . . receiving deposition dates to occur between November 11 and December 10 (the extended deadline the court set for Plaintiffs' depositions)." (Dkt. 55-7 at 4).

9

On November 1, 2019, the deadline imposed by the October 22 Order for identifying withheld documents and the purpose for their withholding, Plaintiffs' counsel alerted Defendants' counsel they were "mailing additional records related to (1) Mr. Little's and Hogan's prior lawsuits and (2) a hard copy of Ms. Kimble's disclosures and written discovery requests." (Dkt. 55-7 at 3). Plaintiffs' counsel did not at this time include proposed deposition dates.

Defendants' counsel emailed Plaintiffs' counsel on November 6, 2019, alerting them they "have not yet received the documents . . . you indicated on Friday [November 1, 2019] had been sent via mail" and requesting Plaintiffs' confirmation that "those documents . . . were the only documents withheld on the basis of objections" deemed waived by the October 22 Order. (Dkt. 55-7 at 2). Defendants also sought clarification whether Plaintiffs "will be providing full responses to Defendants' interrogatories—particularly interrogatory no. 3 to the Campaign's interrogatory—in light of the waived objections." (Dkt. 55-7 at 2). The November 8, 2019, deadline for Plaintiffs to "supplement or respond to deficiency requests" passed without Plaintiffs providing Defendants with any supplemental interrogatory responses or documents. (Dkt. 52). On November 12, 2019, Defendants received Plaintiffs' supplemental written discovery responses identified in the November 1, 2019, email. (Dkt. 55-8 at 3).

On November 7, 2019, Plaintiffs' counsel sent Defendants' counsel an inscrutable email, the contents of which are copied verbatim below:

> I'm confirming with the Plaintiffs that they're available to go on the dates times.  As a heads up, I next Thurs. and the next three Fridays.

10

> If you would like to discuss, I should be in the office most of the day tomorrow.

(Dkt. 55-7 at 2–3). Plaintiffs' counsel followed up with an email on November 13, 2019, that they "haven't heard back regarding your availability to take depositions on the dates we proposed. Please advise." (Dkt. 55-8 at 3). In their responsive email that same day, Defendants' counsel pointed out that Plaintiffs' November 7, 2019, email did not contain any proposed deposition dates or times but, instead, "suggested you were still 'confirming' with plaintiffs that they would be available on unspecified dates and times, but that you had not yet made such confirmations." (Dkt. 55-8 at 2). Defendants' counsel pointed out they repeatedly requested, both in person and via email, information regarding when particular plaintiffs would be available on particular days for depositions with no response. (Dkt. 55-8 at 2). Defendants' counsel stated they "obviously cannot take a plaintiff's deposition with no advance notice or opportunity to prepare" and only received Plaintiffs' supplemental written discovery responses on November 12, 2019. (Dkt. 55-8 at 2). Finally, Defendants' counsel indicated "at this point, it is scarcely even logistically possible to schedule the 12 plaintiff depositions in the time remaining before" December 10, 2019, but that Defendants "would anticipate setting depositions as early as Monday of next week." (Dkt. 55-8 at 2).

The parties met and conferred the next day on November 14, 2019, regarding these discovery issues. As to supplemental interrogatory responses, Plaintiffs' counsel expressed the belief that the October 22 Order only required them to produce documents withheld on the basis of waived objections, not to supplement

11

interrogatory responses limited on the basis of waived objections. (Dkt. 55 ¶ 59). Consequently, Plaintiffs did not intend to supplement their interrogatory responses. (Dkt. 55 ¶ 59). As to outstanding plaintiff depositions, Plaintiffs' counsel did not anticipate the depositions would take a full day and offered four dates between November 27, 2019, and December 10, 2019, in which to take all 12 plaintiff depositions. (Dkt. 55 ¶¶ 55–56). Two of those four dates were the Wednesday and Friday bracketing Thanksgiving. (Dkt. 55 ¶ 55). Plaintiffs' counsel offered to alert Defendants' counsel if additional dates became available before December 10, 2019. (Dkt. 55 ¶ 58). Defendants' counsel informed Plaintiffs' counsel they were entitled to full-day depositions and four days was insufficient to take all 12 full-day depositions before the December 10, 2019, close of fact discovery. (Dkt. 55 ¶ 57). Nonetheless, and despite the significant logistical challenges of deposing plaintiffs on the days before and after Thanksgiving, Defendants' counsel agreed to try and make themselves available on the four proposed dates. (Dkt. 55 ¶ 57).

On November 20, 2019, Plaintiffs' counsel emailed Defendants that a settlement conference scheduled for November 21, 2019, was cancelled and asked if "you want me to try to find a Plaintiff for a deposition tomorrow?" (Dkt. 55 ¶ 60). Defendants' counsel declined this offer, explaining it was impossible with fewer than 24 hours' notice to prepare to depose an unknown Plaintiff, travel to Chicago, and secure a court reporter, videographer, and conference room space. (Dkt. 55 ¶ 60).

Defendants moved for sanctions on November 21, 2019. (Dkt. 53). On November 26, 2019, on Plaintiffs' motion, the Court extended the deadline for close

of fact discovery to January 31, 2020. (Dkt. 59). On January 27, 2020, once again on Plaintiffs' motion, the Court granted a "FINAL" extension for time to complete discovery and ordered fact discovery closed by February 28, 2020. (Dkt. 74). Between February 28, 2020, the last day of discovery under the Court's January 27, 2020, Order, and February 29, 2020, Plaintiffs filed a flurry of discovery motions. (Dkt. 81; Dkt. 82; Dkt. 83; Dkt. 84; Dkt. 85; Dkt. 86). The Court extended the end of fact discovery once again to March 27, 2020. (Dkt. 96). At this point, the General Orders necessitated by the burgeoning COVID-19 pandemic further delayed the close of discovery. Fact discovery ultimately closed on June 12, 2020, at which point Defendants successfully deposed all 12 plaintiffs. (Dkt. 121). Defendants filed an amended motion for sanctions, the operative motion, to reflect these changed circumstances on July 2, 2020. (Dkt. 122).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 37 provides for sanctions against a party who obstructs discovery. Rule 37(b)(2)(C) dictates that, when a party disobeys a discovery court order, "the court must order the disobedient party . . . to pay reasonable expenses, including attorneys' fees, caused by the failure [to obey the order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Even negligence may be a sufficient degree of fault to impose fee-shifting sanctions. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642–43 (7th Cir. 2011) ("[A] showing of willfulness, bad faith, or fault is necessary only when dismissal or default is imposed as a discovery

13

sanction."). Rule 37(b) does not require a formal, written order; "an oral directive from the district court provides a sufficient basis for Rule 37(b)(2) sanctions if it unequivocally directs the party to provide the requested discovery." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994); *see also Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775 n. 3 (7th Cir. 2016).

## **DISCUSSION**

The October 22 Order contained three directives: that Plaintiffs (1) "determine what documents they hold and for what purpose" by November 1, 2019; (2) "supplement or respond to deficiency requests by the Defendant" by November 8, 2019; and (3) close fact discovery, including depositions, by December 10, 2019. (Dkt. 52). Plaintiffs met their obligation with respect to the first part by identifying documents they would send and retain in an email to Defendants' counsel on November 1, 2019. (Dkt. 55-7 at 3).

Contrary to Plaintiffs' assertions, the second directive—that they "supplement or respond to deficiency requests by Defendant" by November 8, 2019—encompasses deficiency requests with respect to both requests for production and interrogatories. This Court granted Defendants' motion to compel in full and did not limit its holding to requests for production. (Dkt. 52). Moreover, the Court orally ruled that Plaintiffs' objections were waived. Tr. at 3:18–19. It defies logic to suggest Plaintiffs could stand on waived objections with respect to interrogatories but not with respect to requests for production. Finally, Defendants specifically raised Plaintiffs' responses to interrogatories at the hearing and the Court orally ruled Plaintiffs must respond

14

to *any* deficiency requests by Defendants. Tr. at 7:8–21. Plaintiffs have yet to supplement their responses to Defendants' interrogatories and, therefore, violated the Court's October 22 Order. (Dkt. 123 at 13; Dkt. 132).

Even were Plaintiffs' reading correct and the Court did not order them to supplement their interrogatory responses, they nonetheless violated the October 22 Order with respect to the requests for production. Plaintiffs concede they were required to supplement their responses to Defendants' requests for production by November 8, 2019, yet Defendants only received those documents on November 12, 2019 (incidentally, almost two full weeks after Plaintiffs claimed they were in the mail). (Dkt. 55 ¶ 51; Dkt. 55-8 at 3); *see, e.g., Kramer v. Am. Bank and Tr. Co., N.A.*, 11 C 8758, 2016 WL 1238172, at *2 (N.D. Ill. Mar. 30, 2016) (finding failure to produce ordered documents by the deadline imposed by the court sufficient to show a party disregarded a court order). This delay was not harmless considering both the compressed timeline in which to complete twelve depositions and the difficulty of deposing a plaintiff with discovery outstanding.

Plaintiffs violated the third directive—that fact discovery, including depositions, conclude by December 10, 2019—as well. Negligent failure to conclude depositions by a court-ordered deadline may trigger sanctions under Rule 37(b). *See Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 474 (7th Cir. 1984). Defendants repeatedly attempted to schedule Plaintiffs' depositions, both in person and over email. (Dkt. 55 ¶¶ 43, 55–58; Dkt. 55-7 at 4–5; Dkt. 55-8 at 2). Plaintiffs' counsel failed to respond to these attempts, offered dates inconsistent with the

15

December 10, 2019, deadline, or offered dates so limited as to render compliance with the October 22 Order impossible. Specifically, all of the dates suggested by Plaintiffs' counsel in their October 31, 2019, email were after January 6, 2020, and the four compliant dates offered at the November 14, 2019, meet and confer between parties were for various reasons insufficient. (Dkt. 55 ¶¶ 55–58; Dkt. 55-7 at 4). Even presuming Plaintiffs' counsel were unaware Defendants sought the full-day depositions to which they were entitled (and Defendants informed them of their intention to take full-day depositions in their October 24, 2019, email), four days is still inadequate to depose 12 plaintiffs. (Dkt. 55-7 at 5). The only conceivable way to comply with the October 22 Order would be to fully depose three plaintiffs per day, a truly remarkable pace. Finally, Plaintiffs' counsel extended a bizarre offer, which Defendants' justifiably declined, to "try to find a Plaintiff for a deposition" with fewer than 24 hours' notice. (Dkt. 55 ¶ 60). Plaintiffs' counsel attempt to downplay their behavior by pointing out that they did not "schedule[] depositions and refuse[] to appear or walk[] out mid-proceeding." (Dkt. 130 at 5). However, such behavior is not required for sanctions to attach; refusing to schedule depositions in the first instance is at least as effective in impeding discovery. At best, Plaintiffs' counsel were negligent, and this is sufficient for sanctions under Rule 37(b)(2)(C); yet more accurately, they were truly obstructionist.

Nor were Plaintiffs' disregard of the October 22 Order substantially justified or the product of circumstances rendering sanctions unjust. Plaintiffs' counsel's primary argument seems to be they were simply too busy to put up their clients for

16

deposition consistent with the October 22 Order. (Dkt. 130 at 2, 5). Plaintiffs' counsel are ethically obligated to manage their caseload in such a way that "each matter can be handled competently." Ill. R. Prof. Conduct 1.3, cmt. 2.[2] Moreover, Plaintiffs' counsel was aware of their scheduling limitations well before the motion to compel hearing on October 22, 2019. (Dkt. 55-5 at 2). If a December 10, 2019, fact discovery deadline was truly impossible to meet, Plaintiffs' counsel should have raised the issue then. Plaintiffs' counsel demonstrate a consistent pattern of avoidance evident throughout the discovery process. The snapshot of correspondence offered by Defendants suggests Plaintiffs' counsel are infrequently and incompletely responsive if they respond at all. Indeed, only once Defendants' counsel exhaust their other options and seek this Court's intervention do Plaintiffs' counsel demonstrate any interest in working through the discovery process. (Dkt. 55-5 at 2). This behavior is an abuse both of party and judicial time and resources. Plaintiffs' counsel routinely acted with disregard for this Court's orders such that sanctions under Rule 37(b)(2)(C) are appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion for sanctions (Dkt. 122) is granted. Plaintiffs and their counsel are ordered to pay Defendants' reasonable attorneys' fees and costs in bringing both the original motion for sanctions (Dkt. 53) and the present amended motion for sanctions (Dkt. 122) as well as their efforts to

---

[2] Indeed, Plaintiffs' counsel seems to lay the blame at their clients' feet for "hir[ing] counsel who are, perhaps, too busy." (Dkt. 130 at 5). This suggests a serious misapprehension of counsels' ethical obligations: it is not the client's responsibility to turn down an attorney with a too-heavy caseload, it is the attorney's job to bite off only what he can competently chew.

engage in discovery during the months of September through December of 2019. Plaintiffs are reminded that they have hauled Defendants into court on their allegations. It is their ethical obligation to prosecute their case. Defense counsel should not need to beg and grovel for discovery to support the allegations against them. Defendants should not be required to defend a case by demanding that the discovery rules be followed. Similarly, Defendants should not be required to adjust their busy schedules due to the lack of planning and preparation by the Plaintiffs. Defendants shall submit a fee petition within 14 days of the filing of this Opinion.

_____
Virginia M. Kendall
United States District Judge

Date: March 26, 2021