IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maxwell Little, et al.<br><br>               Plaintiffs,<br><br>   v.<br><br>JB Pritzker for Governor, et al.,<br><br>               Defendants. | No. 1:18-CV-06954<br><br>Honorable Virginia M. Kendall |

**DEFENDANTS JB PRITZKER FOR GOVERNOR, JULIANA STRATTON, AND CAITLIN PHARO'S FEE PETITION**

## I.    INTRODUCTION

The Court's March 26, 2021, Memorandum Opinion and Order (the "Sanctions Order") sanctioned Plaintiffs[1] and their counsel under Federal Rule of Civil Procedure 37 for their "repeated failure to comply with the Court's discovery orders." Order, ECF No. 219 (Mar. 26, 2021) at 1. The Court ordered Plaintiffs and their counsel to "pay Defendants' reasonable attorneys' fees and costs in bringing both the original motion for sanctions and the present amended motion for sanctions as well as their efforts to engage in discovery during the months of September through December of 2019." *Id.* at 17–18 (citations omitted).

Accordingly, Defendants submit this fee petition and supporting materials setting forth their reasonable attorneys' fees consistent with the Sanctions Order. That Order and Defendants' underlying motions for sanctions set out in detail the considerable time, effort, and energy that Defendants spent as a result of the conduct leading to the Sanctions Order. Defendants will not repeat that detail here. Suffice to say, even, under ideal conditions discovery in this matter would

---

[1] Plaintiffs are Maxwell Little, Jason Benton, Jelani Coleman, Celia Colón, Kasmine Calhoun, Erica Kimble, Nathaniel Madison, Tiffany Madison, James B. Tinsley, Mark Walker, Kayla Hogan, and Eric Chaney.

be far more complicated and time-consuming than a run-of-the-mill single-plaintiff employment discrimination case: There are twelve plaintiffs and three defendants. And conditions here were not ideal—rather than conduct discovery efficiently under the deadlines established by the Court, Defendants were forced to incur substantial additional time trying to hold Plaintiffs accountable to their discovery obligations while simultaneously preparing to conduct discovery under the existing case schedule.

Nonetheless, in preparing this Fee Petition, Defendants have exercised substantial billing judgment. As explained further below, Defendants seek fees only for their primary counsel. They do not seek recovery for all discovery-related fees permitted under the Sanctions Order. Rather, they have sought to identify only those fees most directly related to Plaintiffs' sanctioned conduct.

Having done so, Defendants seek an award of $77,878.50 in fees. To provide clarity, Defendants request that the Court specify, in its fee order, that Plaintiffs and their counsel are jointly and severally liable for Defendants' fees and that the fees awarded must be paid no later than 30 days of the Court's order.

## II. ARGUMENT

### A. Legal Standard.

The Court calculates attorneys' fees "using a 'lodestar' amount, which is the number of hours that an attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Comp. Progs.*, 553 F.3d 487, 489 (7th Cir. 2009). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

**B.     Defendants' Legal Fees for Seeking Plaintiffs and Their Counsel's Compliance with Discovery Obligations.**

Below is a table summary of the legal fees that Defendants seek consistent with the Sanctions Order. *See* Order, ECF No. 219 (Mar. 26, 2021) at 17–18. Defendants have also filed a consolidated spreadsheet that describes the specific tasks performed on a daily basis by each timekeeper for whom fees are sought, the number of hours spent on those tasks, and the fees associated with each entry. *See* Declaration of William B. Stafford in Support of Fee Petition ("Stafford Decl.") ¶ 16, Ex. C. Defendants compiled the table summary and spreadsheet from contemporaneously created time records. *Id.* ¶ 17.

| TIMEKEEPER | TITLE | RATE | | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| | | <u>2019</u> | <u>2020</u> | | |
| William B. Stafford | Partner | $710 | $750 | 21.5 | $18,874.50 |
| Mallory Gitt Webster | Associate | $525 | $605 | 110.7 | $59,004.00 |
| - | - | - | - | 132.2 | $77,878.50 |

Stafford Decl. ¶¶ 9–10, 13–14.

Defendants' counsel, Perkins Coie LLP, primarily used a team of two attorneys—a partner and an associate—to address the Plaintiffs' failures to cooperate in discovery. *Id.* ¶ 12. Those attorneys drafted the motion to compel and the two motions for sanctions, prepared for and attended the hearings on those motions, prepared for two depositions that Plaintiffs canceled, reviewed Plaintiffs' productions to determine whether they had met their discovery obligations after failing to respond to discovery, and drove efforts to confer with opposing counsel regarding Plaintiffs' discovery violations.[2] *Id.* ¶¶ 13–14.

---

[2] Given the nature of Plaintiffs' claims and electronic discovery, various other timekeepers billed fees falling within the Sanctions Order, including attorneys who assisted primary counsel and a paralegal who assisted in processing and reviewing Plaintiffs' discovery responses. Defendants do not seek recovery of time for those other timekeepers.

C.     **The Rates of Counsel for Defendants Are Reasonable.**

For purposes of the lodestar determination, reasonable fees are "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The Court "presume[s] that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." *Pickett*, 664 F.3d at 640; *see also Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004) ("The best evidence of the value of the lawyer's services is what the client agreed to pay him."); *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999) ("The next best evidence of an attorney's market rate" is "the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question." (quotations and citations omitted)).

Defendants' counsel bills at rates consistent with or lower than prevailing market rates in the Chicago legal community. Declaration of Eugenia Frenzel in Support of Fee Petition ("Frenzel Decl.") ¶¶ 11–13. In 2019, Mr. Stafford's standard rate was $710 and Ms. Webster's was $525. *Id.* ¶¶ 9–10; Stafford Decl. ¶ 9. In 2020, Mr. Stafford's standard rate was $750 and Ms. Webster's was $605. Frenzel Decl. ¶¶ 9–10; Stafford Decl. ¶ 10. Those rates, which Defendants paid in this matter, are well within the range of standard rates charged by firms of similar size, experience, and reputation practicing in this District. Frenzel Decl. ¶¶ 11–13; Stafford Decl. ¶¶ 9–10; *see also Assessment Techs.*, 361 F.3d at 438.

Moreover, Mr. Stafford and Ms. Webster are based in Seattle, Washington, which generally has standard rates lower than those in Chicago for lawyers of comparable experience at comparable law firms. Frenzel Decl. ¶ 13. The rates charged for Mr. Stafford and Ms. Webster in this matter are the same as the rates customarily charged for their work on other matters and in the Seattle legal community. Stafford Decl. ¶ 11. Defendants' fees are lower here than they

otherwise would be because primary counsel is based on Seattle, not Chicago. *See* Frenzel Decl. ¶ 13.

Mr. Stafford and Ms. Webster are experienced attorneys, and their fees are commensurate with their levels of experience. Mr. Stafford is an experienced labor and employment partner who regularly litigates discrimination and other employment claims asserted against employers. Stafford Decl. ¶ 2. He graduated with high honors from the University of Washington School of Law after serving as an executive editor of the Washington Law Review. *Id.* ¶ 3. Ms. Webster, an associate, is a member of the firm's Commercial Litigation team, a former law clerk for the Honorable James L. Robart in the U.S. District Court for the Western District of Washington, and a 2015 honors graduate of the University of Washington School of Law where she served as Editor in Chief of the Washington Law Review. *Id.* ¶¶ 5–6. Both Mr. Stafford and Ms. Webster are admitted to practice in this Court. *Id.* ¶ 8.

The rates for Defendants' counsel are reasonable given the nature and complexity of this 12-plaintiff action asserted against multiple defendants, the protracted nature of the Plaintiffs' failure to comply with their discovery obligations, the experience of counsel, and the prevailing market rates for attorneys of similar experience at comparable law firms.[3] *See* Frenzel Decl. ¶¶ 11–13; *see also Citizens for Appropriate Rural Roads, Inc. v. Lahood*, 2014 WL 1342808, at *2 (S.D. Ind. Apr. 4, 2014) (recognizing that "INDOT's agreement to pay Perkins Coie these rates demonstrates the rates' reasonableness"); *In re Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*, 2018 WL 3707804, at *7 (N.D. Ill. Aug. 3, 2018) (concluding that

---

[3] The minimal increases in rates from 2019 to 2020 are also reasonable. *See, e.g.*, *Days Inns Worldwide, Inc. v. Lincoln Park Hotels, Inc.*, 500 F. Supp. 2d 770, 789 (N.D. Ill. 2007) (holding that an increase in fees from one year to the next was "part of the ordinary course of business at the law firm"); *Toyo Tire & Rubber Co. v. Atturo Tire Corp.*, 2020 WL 5230751, at *3 (N.D. Ill. Sept. 2, 2020) (holding that "the rates are slightly higher from one year to the next due to the ordinary course of law firm business and reflect the additional experience gained in the interim").

requested hourly rates of $725, $650, and $500 were reasonable). Defendants should therefore be awarded fees at their counsel's standard hourly rates. *See* Stafford Decl. ¶ 16, Ex. C (spreadsheet detailing counsel's hourly rates and total hours billed); *see also Pickett*, 664 F.3d at 640 (holding that "an attorney's actual billing rate" is the appropriate "market rate").

**D.    Counsel for Defendants Expended a Reasonable Number of Hours Addressing Plaintiffs' Lack of Cooperation in the Discovery Process.**

The Court next multiplies by those reasonable hourly rates the number of hours Defendants' counsel reasonably expended in addressing the discovery issues for which the Court sanctioned Plaintiffs. *See Jeffboat*, 553 F.3d at 489. "The reasonableness of the time expended . . . depends not only on the total number of hours involved but also on the particular tasks." *Trs. of Chi. Plastering Inst. Pension Tr. v. Cook Plastering Co.*, 570 F.3d 890, 905 (7th Cir. 2009).

Courts in the Seventh Circuit routinely award significant fees for an opposing party and its counsel's refusal to cooperate in the discovery process. *See, e.g.*, *Toyo Tire & Rubber Co. v. Atturo Tire Corp.*, 2020 WL 5230751, at *4 (N.D. Ill. Sept. 2, 2020) (awarding $103,239 in attorneys' fees for the opposing party's failure to cooperate in discovery); *Fasolyak v. Cradle Soc'y, Inc.*, 2020 WL 5089908, at *2 (N.D. Ill. Jan. 28, 2020) (awarding $189,831.25 in attorneys' fees for about 570 hours of work on a "protracted" discovery dispute); *Senior Lifestyle Corp. v. Key Benefit Administrators, Inc.*, 2019 WL 5565973, at *5 (S.D. Ind. Mar. 29, 2019) (holding that 64.8 hours billed on a motion to compel discovery was reasonable). Those awards recognize the "known fact that a party's uncooperativeness with pretrial proceedings will increase the amount of time that the opposing attorney must devote to the case, an increase that will then be reflected in the petition for attorneys' fees." *Johnson v. Kakvand*, 192 F.3d 656, 661–62 (7th Cir. 1999).

Here, counsel spent 132.2 hours responding to Plaintiffs' significant and repeated obstruction of the discovery process that occurred over several months. Stafford Decl. ¶¶ 13–14, 16, Ex. C. That is roughly the equivalent of just over a week's worth of time by both Mr. Stafford and Ms. Webster over the three-month period during which Plaintiffs impeded discovery and their subsequent preparation of the updated sanctions motion.[4] *Id.* ¶¶ 13–14, 16, Ex. C. Those hours were spent researching and drafting the three motions seeking to ensure compliance with discovery obligations, preparing for and attending court hearings on the motions, conferring with Plaintiffs' counsel about the discovery violations, preparing for the depositions that Plaintiffs did not attend, and reviewing Plaintiffs' document productions to determine compliance with their obligations. *Id.* ¶¶ 13–14, 16, Ex. C. In addition, in an effort to be most efficient, most of the hours billed were performed by Ms. Webster whose rate is lower. *Id.* ¶ 14.

The time spent on those tasks are consistent with Defendants' need to address the "truly obstructionist" behavior by Plaintiffs' counsel and their "consistent pattern of avoidance evident throughout the discovery process." Order, ECF No. 219 (Mar. 26, 2021) at 16–17. Plaintiffs' repeated refusals to comply with their discovery obligations forced Defendants to resort to multiple interventions by the Court, which required a considerable amount of attorney time and expertise. *See Hangzhou Aoshuang E-Commerce Co. v. 008Fashion*, 336 F.R.D. 154, 160 (N.D. Ill. 2020) (holding that the party sanctioned "can hardly be heard to complain about actions" leading to attorney's fees "that were caused by their misconduct and that of their lawyer"). Moreover, Defendants were justified in diligently seeking discovery from Plaintiffs in order to

---

[4] To the extent Defendants' counsel expended more hours than might otherwise be expended in a routine discovery dispute, that is the direct result of Plaintiffs' unwillingness to cooperate and the very reason for which the Court sanctioned them. *See Johnson*, 192 F.3d at 661–62.

understand the nature of Plaintiffs' allegations and to mount a defense, particularly because of the nature of Plaintiffs' claims. The hours expended were therefore reasonable. *See, e.g.*, *Toyo Tire*, 2020 WL 5230751, at *4 (awarding fees for sanctions motion and reply brief); *Hangzhou Aoshuang E-Commerce*, 336 F.R.D. at 160 (awarding fees for motion to compel and reply brief); *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 594 F. Supp. 2d 931, 934 (N.D. Ill. 2009) (recognizing that "time spent discussing issues with other attorneys is a basic element of the practice of law and is compensable, if reasonable, in a fee petition").

Defendants' success on the merits also shows that the hours expended are reasonable. *See Toyo Tire*, 2020 WL 5230751, at *3 (recognizing that "favorable results obtained" supported the requested fees for a discovery dispute). The Court agreed with Defendants and granted their motion to compel and motions to sanction Plaintiffs. *See* Min. Entry, ECF No. 52 (Oct. 22, 2019) at 1 (granting motion to compel); Order, ECF No. 219 (Mar. 26, 2021) at 1 (granting motions for sanctions).

Counsel's supporting declaration further demonstrates the reasonableness of the hours expended. The attorneys for whom fees are sought maintained detailed, contemporaneous, and accurate records of time devoted to this matter. Stafford Decl. ¶ 17; *see also Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) (holding that "if counsel submit" with a fee petition "bills with the level of detail that paying clients find satisfactory, a federal court should not require more"). Those attorneys also efficiently discharged their duties in litigating this case, notwithstanding the complexity and lengthiness of the discovery issues involved. Stafford Decl. ¶¶ 18, 20. All hours submitted were devoted to necessary litigation tasks, including extensive briefing, related research, communications with Plaintiffs' counsel, necessary coordination

between Defendants' counsel, and preparation for and attendance at hearings related to the motions. *Id.* ¶ 16, Ex. C.

The fees sought are also reasonable because Defendants have exercised appropriate billing judgment to reduce the lodestar amount. Defendants do not seek to recover all the fees incurred that fall within the Sanctions Order. *See id.* ¶¶ 19–22.

Although the Court awarded fees for Defendants' "efforts to engage in discovery during the months of September through December of 2019," Order at 16–17, Defendants are not seeking fees associated with their review of their own documents and document productions during that period or the depositions for which Plaintiffs appeared, Stafford Decl. ¶ 19. In addition, Defendants omitted time entries where work even arguably could have been performed more efficiently, even though Defendants at all times efficiently litigated the discovery dispute generated by Plaintiffs. *Id.* ¶ 20. And despite being entitled to do so, Defendants do not seek any fees incurred in preparing this Petition. *See Johnson v. GDF, Inc.*, 2014 WL 463676, at *8 (N.D. Ill. Feb. 5, 2011); Stafford Decl. ¶ 21.

Defendants have further limited their request by seeking fees for only the two members of Defendants' litigation team—Mr. Stafford and Ms. Webster—who spent significant time working on the matter. *Id.* ¶ 22; *Toyo Tire*, 2020 WL 5230751, at *3 ("The Court also finds that Plaintiff's counsel exercised good billing judgment by limiting its petition to the work of three attorneys even though additional attorneys contributed to the motion for sanctions."). Defendants otherwise excluded all time billed by other attorneys, including Defendants' lead counsel, Marc Elias, and counsel based in Chicago, who reviewed materials and contributed to strategy. Stafford Decl. ¶ 23. Defendants have also excluded all time for paralegals and paralegal

assistants who assisted with deposition preparation, filed documents, and otherwise assisted in litigating this matter. *Id.* ¶ 24.

In total, Defendants are not requesting 38% of the total fees ($47,314) falling within the Sanctions Order. *Id.* ¶ 25.

The $77,878.50 in fees Defendants seek for 132.2 total hours are therefore reasonable in light of Plaintiffs' intransigence, the complexity and duration of the discovery violations, the results obtained, and Defendants' exercise of billing judgment. *See OFA Royalties LLC v. Apne*, 2011 WL 2461253, at *2 (N.D. Ill. June 17, 2011) (awarding Perkins Coie its reasonable attorneys' fees). The Court should accordingly order Plaintiffs and their counsel to pay the fees no later than 30 days from the entry of the Court's order on Defendants' Petition. *See Hangzhou Aoshuang E-Commerce*, 336 F.R.D. at 162 (requiring sanctions to be paid within 15 days); *Toyo Tire*, 2020 WL 5230751, at *4 (ordering sanctions to be paid by the end of the month).

### III.    CONCLUSION

For the foregoing reasons, the Court should find that Defendants' attorneys' fees of $77,878.50 are reasonable.

//

//

//

//

//

//

//

//

-11-

Dated: April 9, 2021

Respectfully submitted,

**DEFENDANTS JB PRITZKER FOR GOVERNOR, JULIANA STRATTON, CAITLIN PHARO**

By: */s/ William B. Stafford*
    One of Their Attorneys

William B. Stafford,
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206.359.8000
Fax: 206.359.9000
WStafford@perkinscoie.com

## CERTIFICATE OF SERVICE

I, William B. Stafford, certify that on April 9, 2021, a copy of the foregoing was sent via the Court's electronic filing system and email to the following:

| | |
|---|---|
| Jeanette Samuels<br>SHILLER PREYAR JARARD & SAMUELS<br>601 South California Avenue<br>Chicago, IL 60612<br>Tel: (312) 226-4590<br>sam@spjslaw.com | Shay T. Allen<br>THE LAW OFFICE OF SHAY T. ALLEN<br>19150 S. Kedzie Ave., Ste. 201<br>Flossmoor, IL 60422<br>Tel: (708) 960-0113<br>sallen@attorneyshaytallen.com |

By: */s/ William B. Stafford*